

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00107-CR

**JOHN TREMAINE JONES,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 39,241**

## ABATEMENT ORDER

John Tremaine Jones was convicted in February of 2017. Jones' court-appointed attorney filed an *Anders* brief in November of 2017. Counsel was ordered to provide Jones a copy of the record, and Jones filed a response to counsel's *Anders* brief in January of 2018. The State was then given an opportunity to respond, and a brief for the State was filed on March 30, 2018. This appeal was placed at issue on the same date.

In our independent review of the appeal pursuant to *Anders* and its progeny, we discovered that State's Exhibit 2, an in-car video, was not included in the reporter's record. On April 4, 2018, the reporter was ordered to obtain State's Exhibit 2 from the trial court clerk, prepare a copy of the exhibit, and file the copy of the exhibit with this Court as a supplemental reporter's record within 14 days from the date of the Order. *See* TEX. R. APP. P. 34.6(d); (g)(1). The reporter was also ordered to contact the Clerk of this Court within 7 days from the date of the Order if for any reason the exhibit could not be copied. More than 14 days passed, and no response was received from the reporter and no exhibit was filed.

In response to the Court's inquiry, on April 19, 2018, the reporter informed this Court that she was no longer employed by Hill County. She also informed the Court that: 1) she had spoken with the Hill County District Clerk who indicated that her office was having trouble locating the trial exhibits, 2) she had contacted the sheriff's department who indicated it had the original pursuit video and would make a copy; 3) the department's evidence room personnel were out of the office and would, "[h]opefully," get a copy to the Court "next week[;]" and 4) "[i]f it becomes apparent that will not happen, we will keep you updated." We have not received the exhibit, and we have not been updated.

It is the joint responsibility of this Court and the trial court to see that a complete and accurate appellate record is timely filed. TEX. R. APP. P. 35.3(c). We have pushed this

effort and the County personnel involved as hard as feasible and now find it necessary to enlist the trial court's help.

Accordingly, this case is abated to the trial court to have a hearing pursuant to the Texas Rules of Appellate Procedure to determine if the exhibit has been lost or destroyed and if so, whether Jones is entitled to a new trial. *See* TEX. R. APP. P. 34.6(f). Specifically, the trial court is Ordered to determine:

1.  whether, without Jones's fault, a significant exhibit has been lost or destroyed;

2.  if lost or destroyed, whether the exhibit is necessary to the appeal's resolution;

3.  if lost or destroyed, whether the exhibit can be replaced by the agreement of the parties or whether the trial court can determine with reasonable certainty that a copy of the exhibit accurately duplicates the original exhibit; and

4.  whether, pursuant to Rule 34.6(f) of the Texas Rules of Appellate Procedure, Jones is entitled to a new trial.

The trial court is Ordered to conduct this hearing within 14 days from the date of this Order. Supplemental Clerk's and Reporter's Records containing the trial court's written and oral findings are Ordered to be filed with this Court within 21 days from the date of this Order. Either a copy of the original State's Exhibit 2 or a replacement copy as agreed by the parties or as determined by the trial court to be an accurate copy pursuant to the Rules is Ordered to be filed with this Court within 28 days from the date of this Order.

If no State's Exhibit 2 is timely filed, this Court may be required to hold that the exhibit is lost or destroyed as defined by Rule 34.6, reverse the trial court's judgment, and remand the case to the trial court for a new trial.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed May 16, 2018

